JOHN S. NAYLOR COMPANY *v.* NATHAN POST *et al.*

(No. 9302)

Submitted April 28, 1942.  Decided May 19, 1942.

*Harvey F. Smith,* for appellant.
*Wyatt & Randolph,* for appellee Alice L. Post.

FOX, PRESIDENT:

On the 27th day of September, 1939, John S. Naylor Company recovered judgment against Nathan Post, in the Circuit Court of Harrison County, for $1,844.93 and $15.75 costs, on which an execution was issued and thereafter returned unsatisfied, no property being found on which the same could be levied. Thereafter this suit was instituted to subject a house and lot, the property of Nathan Post, situated on Walnut Street in the City of Clarks-

burg, to the payment of this judgment. Prior to the institution of this suit, namely on October 2, 1939, Alice L. Post, the wife of Nathan Post, entered into an agreement with John S. Naylor Company, which recites the payment of $250.00 on the judgment aforesaid, and an agreement that the holder of the judgment would accept payment of the residue in installments of $50.00 a month, until the judgment, with its interest should be paid in full. In consideration thereof, Alice Post agreed "that in the event of Nathan Post's death prior to the entire payment of said judgment she hereby expressly releases all her right to dower in any and all of his said real estate so far as the same would interfere with or lessen the payment of said judgment to the said John S. Naylor Company, a corporation, and this release of dower is hereby executed in order to induce the said John S. Naylor to accept said monthly payments on said judgment until it is fully satisfied, but if said Post or his wife or daughter fails to make said monthly payments promptly then nothing herein shall prevent said plaintiff and owner of said judgment from proceeding to have same satisfied as fully as if this agreement had not been entered into." The bill in this suit was filed at July Rules, 1940, and sets up the plaintiff's judgment and return of execution thereon. It also avers the existence of a deed of trust, executed by Nathan Post and Alice L. Post, to Walter V. Ross, Trustee, securing to the Home Owners' Loan Corporation, a debt, which, at the time of the filing of said bill, aggregated the sum of $3,580.65; and also a trust lien debt created by deed of trust executed by Post and his wife to Birk S. Stathers, Trustee, securing Edward P. McCall in the sum of $380.00. A judgment in favor of Melvin G. Sperry, executor of Charles L. Patton, deceased, for the sum of $200.00 and $4.75 costs recovered on the 8th day of January, 1940, was also averred. The bill also avers the agreement between Alice L. Post and the plaintiff dated October 2, 1939, and that under said agreement the said Alice L. Post was not entitled to dower in the real estate of Nathan Post to the prejudice of the plaintiff.

Alice Post filed her answer to this bill denying that she was bound by her agreement of October 2, 1939, contending that enforcement of said agreement was made contingent upon the death of Nathan Post prior to the satisfaction of plaintiff's judgment, and averring that the said Post was then alive; and further, that the said agreement was void, unenforceable, and invalid under the laws of this State. The bill avers that the trust liens and judgments set up therein were all of the valid and subsisting liens binding the property of Nathan Post. In view of this allegation the cause was not referred to a commissioner for the ascertainment of liens, and the cause proceeded to final decree on the bill, answers, and exhibits. It should be stated that the Home Owners' Loan Corporation appeared in the cause and filed an answer in which it requested that the property of Nathan Post, on which it held a lien, should be sold subject to said lien, and that only the equity of redemption therein should be sold.

On this status of the case a decree was entered on November 2, 1940, by which there was decreed to the Home Owners' Loan Corporation the sum of $3,620.60; to Edward P. McCall $406.04; to the plaintiff, John S. Naylor Company, $1,554.16; and to Melvin G. Sperry, executor of Charles L. Patton $212.40, and the said sums were decreed liens against Post's real estate in the order named. It was then decreed that the real estate of Nathan Post, described in the bill, be sold, subject to the decree in favor of the Home Owners' Loan Corporation, and free and acquit of any inchoate right of dower of Alice L. Post, wife of said Nathan Post, so far as the said debt and deed of trust of the defendant, Edward P. McCall was concerned, and that in the event said equity of redemption should be sold for more than a sum sufficient to satisfy the McCall lien, then the court would thereafter make proper provisions for the payment to Alice L. Post of any amount to which she might be entitled in satisfaction of her inchoate dower. Harvey F. Smith was appointed a special commissioner to make sale of said equity of redemption. It will be observed that the court, inferentially, held that

Alice L. Post was not barred of her dower under the agreement of October 2, 1939.

Acting under this decree, the special commissioner sold the equity of redemption in the Nathan Post property for $1,200.00, and this sale was confirmed on March 22, 1941. At that time the $1,200.00 purchase price for said equity of redemption had been paid in full, was in the hands of the special commissioner, and he was directed to pay the costs of the suit and to pay to Edward P. McCall the sum of $419.57, and hold the surplus remaining in his hands until the further order of the court.

On May 24, 1941, the decree of final distribution was entered. By this decree the cash value of the inchoate dower interest of Alice L. Post was fixed at $363.25, said sum being based and computed on the sum of $4,937.54, that sum being made up of the Home Owners' Loan Corporation debt, which at the time of the confirmation of the sale was $3,737.54, and the sum of $1,200.00 received by the special commissioner in the sale of the equity of redemption in the property covered by the said Loan Corporation's lien. No question is raised as to the correctness of the computation of the amount decreed to be paid Alice L. Post, based upon the said sum of $4,937.54, but it is contended, first, that by reason of the agreement of October 2, 1939, Alice L. Post was not entitled to any decree for her inchoate right of dower; and, second, that if she was entitled to such dower, it should have been computed on the surplus remaining from the sale of the equity of redemption after the payment of costs of suit and the Edward P. McCall decree.

It will be observed that two questions are presented: First, was Alice L. Post in view of her written agreement of October 2, 1939, entitled to any decree for dower; and, second, if, notwithstanding such agreement, she was, in the circumstances, entitled to dower, should it have been computed upon the basis of the sum for which the equity of redemption was sold, less costs of suit and the McCall debt, or upon the aggregate of the amount received from

the sale of the equity of redemption and the amount of the Home Owners' Loan Corporation lien and decree?

As to the first question we are of opinion that the court was not in error in holding, by inference, that the contract of October 2, 1939, did not bar Alice L. Post from claiming dower. The writing itself clearly shows that her release of dower was based upon a contingency, to-wit, the death of Nathan Post prior to the full payment of plaintiff's judgment. The record shows that Nathan Post was living at the date of the final decree in this cause, and aside from all other questions which might be raised with respect to this purported release of dower, the writing itself settles the issue in favor of Alice L. Post.

The other question is more difficult. Code, 43-1-4, defines the right of a surviving spouse to dower in land sold to satisfy encumbrances created by deed in which he or she united, or for the purchase money, or where created prior to marriage, or otherwise paramount to the claim of the surviving spouse. It is therein provided that against every person except the holder of such lien or encumbrance and those claiming under such holder, he or she shall be entitled to dower in the whole of such land, but as against the holder of such lien or encumbrance there is no right of dower, and the same may be sold to satisfy such lien or encumbrance free and clear thereof. However, it is provided that where in case of any such sale there shall remain a surplus, after satisfying such liens or encumbrances, the surviving spouse shall be entitled to have paid to him or her out of such surplus, such sum, computed according to methods provided by statute, as shall represent the present value of the dower right of the surviving spouse in the whole of such land. Code, 43-1-5, immediately following the section above referred to, covers a case where land is sold free of inchoate right of dower. By that section it is provided that in any suit for partition, or for the purpose of subjecting lands to the payment of liens subordinate to dower, or for any other purpose, the real estate involved may be sold free and clear of any inchoate right of dower therein, if the per-

son or persons entitled to such rights be made a party to such suit, and in such case such rights of dower shall be forever barred. It is then provided that the court by which such sale shall be confirmed shall direct payment, out of the net proceeds of sale, and applicable to the share or shares in such lands as are subject to such inchoate dower rights, to such person or persons such gross sum, computed according to the method provided in Article 2 of the chapter, as shall represent the present value of such inchoate dower right. Code, 43-1-1, provides that, "A surviving spouse shall be endowed of one-third of all real estate whereof the deceased spouse, or any other to his or her use, or in trust for him or her, was, at any time during the coverture, seized of or entitled to an estate of inheritance, either in possession, reversion, remainder, or otherwise, unless the right of such surviving spouse to such dower shall have been lawfully barred or relinquished."

It seems clear that by Code, 43-1-1, Alice L. Post was endowed with one-third of the real estate of Nathan Post for her life, unless by her own act she lawfully relinquished the same. When she executed the deeds of trust securing the Home Owners' Loan Corporation and Edward P. McCall in the payment of their debts, she lawfully relinquished her rights of dower to the extent necessary to pay the debts secured thereunder. Her dower remained intact as to any debts or obligations in the creation of which she did not participate, and this, of course, applies to plaintiff's judgment herein.

Code, 43-1-4, expressly provides that in the case of a surviving spouse, where there are encumbrances in the creation of which he or she participated, he or she is not entitled to dower to the prejudice of such lienholders, but as to any surplus after the payment of such liens shall be entitled to dower to be computed upon the value of the whole of the real estate involved. Code, 43-1-5, applying to inchoate dower, does not in terms say that dower shall be computed in the whole of such land, but it does say that such dower shall be computed out of the net pro-

ceeds of sale, which, as we view it, is merely another way of stating that such dower is to be computed upon the entire purchase price, and we can see no reason why there should be any distinction between the two situations. If the surviving spouse is entitled to dower in the whole of the land involved, the situation would not be different where it is attempted to provide for inchoate right of dower in order to afford to a purchaser title free of dower. The only difference would be as to the method of computation, the inchoate dower being less valuable than where the same becomes vested by death of the spouse owning the property. In either case the basis of the right of the parties is Code, 43-1-1, which upon marriage creates the right of dower.

But it is contended that the only property sold was the equity of redemption, and that it was improper to compute dower on the basis of the sum received for such equity, and the lien of the Home Owners' Loan Corporation, subject to which the sale was made. We do not commit ourselves to the hard and fast rule that, when property is sold subject to existing liens, dower should be computed upon the basis of the amount of such liens, together with any sum received for the equity of redemption. Cases might arise where such a rule would be inequitable. However, in the case before us, we see no reason why such a rule may not be applied. We think this record shows that the Nathan Post property was reasonably worth the sum of the Home Owners' Loan Corporation debt and more, and the fact that the purchaser was willing to pay $1,200.00 for this property, subject to this lien, in the circumstances, foreclosed any question as to this being the value of the property in which Alice L. Post was entitled to dower. There was, in fact, some benefit to the plaintiff by having the sale made in the manner in which it was, because of the interest rate on which the Home Owners' Loan Corporation debt could be carried, and the period of time over which, at the election of the purchaser, he could spread payments. Liberal terms usually produce better prices than do cash tran-

sactions or sale made on credit where payment is required within periods usually prescribed. So it is that we perceive no prejudice to the plaintiff in the manner in which the sale was made. However, the question of the existence or non-existence of prejudice to the plaintiff is not controlling, and we do not base our decision thereon. We base it upon the showing made by the record. Alice L. Post was entitled to dower in the whole of this land, and the mere fact that a decree for its sale was made in the form it was which, in effect, allowed the purchaser to pay a paramount lien which represented a major part of the real value of the property, and through a purchase of the equity of redemption pay the residue of such value, ought not to preclude the wife from having her dower computed upon what we hold was the fair value of the property involved. If the property involved had been sold in fee, there would have been no question of the right of Alice L. Post to dower in the surplus, and we do not think the mere fact that the property was sold subject to a lien well within the actual value of the property should deprive her of her right to dower in the surplus. The policy of the law, as lately liberalized and as defined in our statutes, furnishes a clear basis for the holding that the right of a spouse to dower in the whole of the property in which the right to dower exists is intended to be fully protected, subject only to the rights of lienholders in the creation of whose liens the spouse has participated.

We are, therefore, of opinion that the trial court was correct in its findings and decrees, and the same are accordingly affirmed.

*Affirmed.*